UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

MARK EGELER,

        Petitioner,

v.

KRISTOPHER TASKILA et al.,

        Respondents.

Case No. 2:23-cv-8

Honorable Maarten Vermaat

_____/

# **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any

procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious claim for habeas relief.

## Discussion

### I.     Factual Allegations

Petitioner Mark Egeler is incarcerated with the Michigan Department of Corrections at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. Petitioner is currently serving sentences imposed in 2007 and 2008 by the Macomb County Circuit Court for unlawful imprisonment, carjacking, armed robbery, and delivery/manufacture of methamphetamine. *See* Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=630821 (last visited Jan. 31, 2023). Petitioner, however, does not challenge his convictions and sentences in his habeas petition. Instead, Petitioner challenges various conditions of confinement to which he has been subjected at AMF.

Petitioner contends that he is currently held in segregation, and that the circuit court did not sentence him to be "held captive [within] the prison to be treated different[ly] [than] any other inmate." (ECF No. 1, PageID.2–3.) He alleges that he was sexually assaulted by an officer at the Oaks Correctional Facility (ECF), and that he was subsequently transferred to the Bellamy Creek Correctional Facility (IBC). (*Id.*, PageID.3.) On August 1, 2022, Petitioner was placed on a list to be transferred back to ECF. (*Id.*)

On August 15, 2022, staff at IBC learned that there was a staff Special Problem Offender Notice (SPON) that prevented Petitioner from returning to ECF. (*Id.*) That same day, Resident

3

Unit Manager Addis told Petitioner that he could not be transferred back to ECF and that he had two options: "sign out to his general population or he would send [Petitioner] to Level 5 general population." (*Id.*) Plaintiff argued that he could not go to general population because he would be stabbed and that he was being punished for being sexually assaulted. (*Id.*) Addis told Petitioner that he did not believe the assault had occurred. (*Id.*, PageID.4.) Petitioner then filed a grievance against Addis for "threatening . . . to send [him] to a maximum security prison." (*Id.*)

On October 24, 2022, the Security Classification Committee (SCC) told Petitioner that he was approved for the START Program. (*Id.*) He was transferred to AMF on November 22, 2022. (*Id.*) Petitioner contends that AMF does not have a START Program. (*Id.*) According to Petitioner, staff at IBC learned that AMF did not have the START Program prior to Petitioner's transfer, but Addis and Assistant Deputy Warden Jones told Petitioner that he would be transferred anyway. (*Id.*)

Once Petitioner arrived at AMF, staff told him that "Lansing never approved [him] for the START Program." (*Id.*) Petitioner contends that he is being held in segregation at AMF while staff "are trying to figure out what went wrong and how to fix it." (*Id.*) Petitioner suggests that he should be sent back to the protection unit at IBC. (*Id.*) He contends that he was only referred to the START Program to meet his protection needs and to guarantee his separation from another inmate. (*Id.*) Petitioner alleges that the other inmate is no longer in the protection unit at IBC. (*Id.*, PageID.4–5.)

Petitioner argues that he was not sentenced "to be held from [his] family, visits, phone, [and] mail." (*Id.*, PageID.5.) He requests to be transferred back to the protection unit at IBC. (*Id.*) Petitioner also appears to demand release. (*Id.*)

**II.     Conditions of Confinement**

Petitioner's request for relief is not a typical habeas petition. The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of a habeas corpus petition rather than a complaint under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Constitutional challenges to the conditions of confinement, on the other hand, are proper subjects for relief under 42 U.S.C. § 1983. *Id.* The *Preiser* Court, however, did not foreclose the possibility that habeas relief might be available even for conditions of confinement claims:

> This is not to say that habeas corpus may not also be available to challenge such prison conditions. *See Johnson v. Avery*, 393 U.S. 483, (1969); *Wilwording v. Swenson, supra*, at 251 of 404 U.S. . . . When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal. *See* Note, Developments in the Law—Habeas Corpus, 83 Harv. L. Rev. 1038, 1084 (1970).[]

*Preiser*, 411 U.S. at 499 (footnote omitted). The Court, however, has also never upheld a "conditions of confinement" habeas claim. Indeed, in *Muhammad v. Close*, the Court acknowledged that it had "never followed the speculation in *Preiser* . . . that such a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983." *Muhammad v. Close*, 540 U.S. 749, 751 n.1 (2004).

The United States Court of Appeals for the Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983 and are not cognizable on habeas review. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("Petitioner in this case appears to be asserting the violation of a right secured by the federal Constitution or laws by state prison officials. Such a claim is properly brought pursuant to 42 U.S.C. § 1983."); *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) ("The criteria to which Owens refers involves the conditions of his confinement. . . . This is not the proper execution of sentence claim that may be pursued in

a § 2254 petition."); *Hodges v. Bell*, 170 F. App'x 389, 392–93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement . . . are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983."). As set forth above, Petitioner's claims regarding the constitutionality of his confinement are claims regarding the conditions of his confinement. Such claims should be raised by a complaint pursuant to 42 U.S.C. § 1983.

Petitioner, however, does appear to request release from custody. Such relief is available only on habeas review. "The Supreme Court has held that release from confinement—the remedy petitioner[] seek[s] here—is 'the heart of habeas corpus.'" *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (quoting *Preiser*, 411 U.S. at 498).[2] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser*, 411 U.S. at 484 (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

In *Wilson*, the Sixth Circuit stated: "[o]ur precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson*, 961 F.3d at 838. Here, however, that is not what Petitioner claims. Indeed, many of the conditions set forth by Petitioner have already occurred. Moreover, there is nothing in the petition to suggest

---

[2] The petitioners in *Wilson* were federal inmates who asserted habeas claims pursuant to 28 U.S.C. § 2241, claiming entitlement to release because of the intolerable conditions of confinement they faced because of the COVID-19 pandemic.

6

that the conditions could not be remedied while Petitioner remains confined. Notably, Petitioner himself requests that he be transferred back to the protection unit at IBC, seemingly suggesting that such a transfer would be appropriate response to end the conditions of which he complains. Thus, unlike the petitioners in *Wilson*, Petitioner wholly fails to suggest that there are no conditions of confinement sufficient to prevent irreparable injury at the facility where he is housed. Accordingly, Petitioner's allegations of intolerable conditions of confinement do not state a cognizable claim for habeas relief, and his request for relief is properly dismissed.

### III.   Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court has dismissed the petition, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition without prejudice and an order denying a certificate of appealability.

Dated: February 7, 2023

/s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge